

11-5342-cr
*United States v. Bright*

N.Y.S.D. Case #
06-cr-0242(WHP)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:
      GUIDO CALABRESI,
      JOSÉ A. CABRANES,
      BARRINGTON D. PARKER,
            *Circuit Judges*.

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 18, 2013

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                                  No. 11-5342-cr

SIDNEY BRIGHT,

      *Defendant-Appellant*.

_____

**FOR APPELLEE:**                               Jillian B. Berman, Joan M. Loughnane, Iris Lan, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

MANDATE ISSUED ON 07/18/2013

**FOR DEFENDANT-APPELLANT:**　　　　　　　B. Alan Seidler, Law Office of B. Alan Seidler, New York, NY.

Appeal from December 19, 2011 judgment of conviction of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**.

Defendant-appellant Sidney Bright ("Bright" or "defendant") appeals from the District Court's judgment of conviction following two jury trials in which he was charged with four counts based on drug trafficking activity and associated conduct. Count One of the superseding indictment charged Bright with conspiring to distribute and possessing with intent to distribute cocaine base ("crack cocaine"), powder cocaine, and heroin, in violation of 21 U.S.C. § 846; Count Two charged defendant with possessing and using a firearm during and in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; Count Three charged that, in the course of committing the crime charged in Count Two, Bright caused the death of Heriberto Diaz ("Diaz"), through the use of a firearm, and aided and abetted the same, in violation of 18 U.S.C. §§ 924(j) and 2; and Count Four charged Bright with intentionally killing Diaz while engaged in a conspiracy to distribute crack cocaine and cocaine, and aiding and abetting the same, in violation of 18 U.S.C. § 2, and 21 U.S.C. § 848(e)(1)(A). Following the District Court's declaration of a mistrial on July 23, 2008, defendant was retried and acquitted by a jury of Counts Three and Four in their entirety and acquitted of Count One with respect to powder cocaine and heroin. The jury convicted Bright, however, of Count One with respect to crack cocaine and of Count Two in its entirety. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

**BACKGROUND**

Bright was arrested on March 16, 2006 for his involvement, between 1995-2004, in an illegal drug business and for providing a firearm to another individual in 2002, while engaged in the drug trade, to intentionally kill a rival drug dealer, Diaz. Bright was alleged to be the boss of a drug organization that operated in and around the Courtlandt Avenue area in the Bronx, and which supplied cocaine, heroin, and crack cocaine to street customers and other drugs dealers through a system of managers, sellers (or "pitchers"), "lookouts," and "enforcers."[1] Bright's drug business

---

[1] Testimony at Bright's second trial demonstrated that pitchers sold drugs in various eight-hour shifts, sometimes for 24 hours a day, seven days a week. Lookouts, as the name suggests, protected the organization by watching for law enforcement, while managers ensured that pitchers were supplied and that their proceeds went back to the business. Finally, enforcers would protect the business against rival dealers by, *inter alia*, shooting at the locations where rival drug dealers were conducting business, or shooting directly at the rival dealers themselves. At defendant's

2

also involved making multiple trips to transport drugs between New York City and Lynchburg, Virginia, and the ownership of barber shops in New York as "fronts" for illegal activity.[2]

It is undisputed that, following his arrest, Bright "proffered with the government" on January 14, 2008 and March 5, 2008. During these sessions, he was represented by multiple attorneys, including Avraham Moskowitz. Two days after the commencement of Bright's first trial, it was brought to the attention of the District Court that the government's testifying witness, Steven Young, had previously been represented by an attorney in the case who had later (following the completion of her representation of Young) became a law partner of Moskowitz. After an appointment, pursuant to *United States v. Curcio*, 680 F2d 881 (2d Cir. 1982), of independent counsel to advise Bright on a potential conflict-of-interest with respect to his representation, and a refusal by Bright to waive any possible conflict issues, the District Court declared a mistrial and appointed new counsel for a second trial.

Following the jury's guilty verdict in the second trial, Bright appeared before the District Court for sentencing. Noting, *inter alia*, that "[w]hile the jury acquitted [Bright] of the murder charge, it's clear to this Court that the government proved the murder charge by clear and convincing evidence," the District Court calculated Bright's guideline sentence to be life imprisonment before sentencing him to consecutive terms of 400 months' imprisonment on Count One and 60 months' imprisonment on Count Two.

This appeal followed.

## DISCUSSION

Bright raises a number of claims on appeal, arguing: (1) that the District Court improperly charged the jury on the issue of reasonable doubt; (2) that counsel at his second trial was constitutionally ineffective; (3) that he was improperly sentenced as a prior felony offender; and (4) that his sentence was unreasonable.

### A.

On appeal, Bright argues that the District Court's erred in its reasonable doubt instruction. Specifically, he claims: (1) the instruction that a reasonable doubt is one "that a reasonable person

---

subsequent sentencing hearing, the District Court characterized "Mr. Bright's round-the-clock drug operation" as "creat[ing] addicts, spread[ing] disease and [being] a plague for years in the Bronx."

[2] At Bright's second trial, the jury heard testimony that while travelling to Virginia with an associate in a car transporting approximately 500 grams of crack cocaine, Bright was stopped by law enforcement officials on the New Jersey turnpike. Bright fled the car and jumped into a nearby body of water, despite (apparently) not knowing how to swim. The associate, Lee Davis, subsequently agreed to take responsibility for the crack cocaine which was discovered in the car and served a term of imprisonment of 44 months'.

3

has after carefully weighing all of the evidence in the case" does not give the jury sufficient guidance; and (2) that the District Court's instruction that "[each juror] can candidly and honestly say . . . that you do have an abiding belief of [the] defendant's guilt," is "confusing and gives the jury no guidance." Appellant's Br. 15-16. These arguments are without merit. The Supreme Court has instructed that "[t]he beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course . . . so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (citations omitted); *see also United States v. Gansman*, 657 F.3d 85, 91 (2d Cir. 2011) ("No particular wording or phrasing is required for an instruction to be legally sufficient, so long as, 'taken as a whole,' the instruction correctly conveys the applicable law." (quoting *Victor*, 511 U.S. at 5 (internal quotation marks omitted))). Upon reviewing the relevant jury instructions, we find that the District Court correctly conveyed the government's burden to find Bright guilty beyond a reasonable doubt. Accordingly, we conclude that the District Court did not err in charging the jury on the issue of reasonable doubt.

**B.**

Second, Bright argues on appeal that counsel at his second trial was constitutionally deficient. In order to succeed on an ineffective assistance of counsel claim, a criminal defendant must demonstrate both that his counsel's performance was unreasonably deficient under prevailing professional standards and that, but for his counsel's unprofessional errors, there exists a reasonable probability that the outcome before the District Court would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Among these options, the Supreme Court has instructed that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Morris*, 350 F.3d at 39 (noting a "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted)). In light of these principles, we decline to hear Bright's ineffective assistance claim here, in order to afford him greater time to develop the record, and without prejudice to him raising the claim as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.[3]

---

[3] In a related vein, Bright claims that the District Court erred in denying his motion to preclude the government's use of his proffer statements, arguing that the statements were made while he had counsel laboring under a conflict of interest.

4

**C.**

In a related vein, Bright claims that the District Court erred in denying his motion to preclude the government's use of his proffer statements, arguing that the statements were made while he had counsel laboring under a conflict of interest. Even assuming, *arguendo*, that one of Bright's attorneys was conflicted, the record shows that Bright had at least one conflict-free counsel while proffering and that there was no basis for imputing the alleged conflict to any other attorneys. *See Triana v. United States*, 205 F.3d 36, 43 (2d Cir. 2000). Moreover, there is no indication from the record that a conflict "adversely affected [any of the] counsel[s'] performance." *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002). Accordingly, we find that the District Court did not err in denying Bright's motion.

**D.**

Fourth, Bright claims that he was improperly sentenced as a prior felony offender. Prior to the second trial, the government filed a so-called prior felony information, providing notice of its claim that Bright was subject to enhanced penalties under 21 U.S.C. § 841(b)(1)(B), which carries a 10-year mandatory minimum sentence. On appeal, the government concedes that the correct provision was actually Section 841(b)(1)(A), which would ordinarily have carried a mandatory minimum sentence of 20 years. At sentencing, the District Court assumed that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372, which increased the amounts of crack cocaine required to trigger statutory sentencing minimums, was not retroactive, and determined that Bright was subject to a mandatory minimum sentence of 20 years. In so doing, however, the District Court stated that even if the FSA was retroactive, and Bright's mandatory minimum sentence was different, that "Bright [would] not be getting a mandatory minimum sentence." As it happened, following Bright's sentence on December 9, 2011, the Supreme Court clarified that the FSA did indeed retroactively apply to convicted defendants, such as Bright, who were sentenced after the Act's effective date of August 3, 2010. *See Dorsey v. United States*, 132 S. Ct. 2321, 2336 (2012). Applying the FSA retroactively, then, Bright ultimately was subject only to a mandatory minimum sentence of ten years—even under Section 841 (b)(1)(B).

Bright claims that the government's error in citing an incorrect statutory provision in his prior felony information deprived him of his ability to decide whether to "enter a plea or go to trial." *United States v. Morales*, 560 F.3d 112, 115 (2d Cir. 2009). We disagree. On the record before us, it is clear that Bright was not prejudiced at any time by the government's mistake, *Morales*, 560 F.3d at

---

Even assuming, *arguendo*, that one of Bright's attorneys was conflicted, the record shows that Bright had at least one conflict-free counsel while proffering and that there was no basis for imputing the alleged conflict to any other attorneys. *See Triana v. United States*, 205 F.3d 36, 43 (2d Cir. 2000). Moreover, there is no indication from the record that a conflict "adversely affected [any of the] counsel[s'] performance." *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002). Accordingly, we find that the District Court did not err in denying Bright's motion.

113, both because that mistake was rendered inconsequential by subsequent changes in the law and also because the District Court made clear that it did not rely on the mandatory minimum calculation in sentencing defendant. As a result, any arguable error was harmless. Accordingly, we find no merit to Bright's claim that he was improperly sentenced as a prior felony offender.

### E.

Bright also claims that the District Court's sentence was substantively and procedurally unreasonable. We review all sentences using an abuse-of-discretion standard. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Our review typically consists of a two-step process. First we "must [ ] ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *Cavera*, 550 F.3d at 189).

Having reviewed the record in light of these principles, we conclude that the District Court did not abuse its discretion in imposing Bright's sentence. To the extent that the District Court erred in miscalculating Bright's mandatory minimum sentence, it was harmless, because as noted above, the District Court was clear that the mandatory minimum calculation would not have an effect upon its sentence. *See United States v. Coppola*, 671 F.3d 220, 251 & n.28 (2d Cir. 2012) (noting that any error in calculating the Guidelines was "harmless because the district court would certainly [have] impose[d] the challenged sentence in any event"); *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

### CONCLUSION

We have considered all of defendant's arguments on appeal and find them to be without merit. We dismiss Bright's ineffective assistance claims, without prejudice to their being raised in a petition for habeas corpus pursuant to 28 U.S.C. § 2225. Accordingly, we **AFFIRM** the December 19, 2011 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit