IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

   Plaintiff,

vs

Sidney Bright

   Defendant

Case No 06-cr-242 (WHP)

## MOTION TO ADJUST SENTENCE
## PURSUANT TO 18 USC § 3582 (c)(2)

Come Now, the defendant Sidney Bright proceeding pro-se and respectfully move this Court for a reduction in his sentence imposed on December 9, 2011. This motion is made pursuant to Amendment 782 to the sentencing Guidelines and 18 USC § 3582(c)(2)

## PROCEDURAL  BACKGROUND

The defendant trial commenced on May 10, 2010 and ended on May 19, 2010, whereas the jury returned a verdict of guilty on Count One with respect to crack cocaine and Count Two with possessing and using a firearm in furtherance of a drug trafficking crime, and aided and abetted the same.

The defendant was acquitted by a jury of Counts Three and Four in their entirety and acquitted under Count One with respect to powder cocaine and heroin.

On December 9, 2011, the defendant (Bright) appeared for sentencing, the District Court found that the government had proven [Diaz's drug related murder] by clear and convincing evidence and therefore Diaz's murder would be consider as relevant to the defendant drug trafficking conviction under Count One of the indictment and therefore the District Court had the discretion to apply offense level 43 to Count One under U.S.S.G. § 2D1.1 (d)(1) and its cross-reference to the murder guideline 2A1.1. The Sentencing Court then turned to the issue of what sentence to impose on Bright and considered the factors set out in 18 USC § 3553 (a). Accordingly, the Court impered a sentence principally of 400 months of imprisonment on Count One, to be followed by a consecutive sentence of 60 months for the defendant 924 (c) conviction under Count Two of the indictment, followed by life of supervise release.

## Discussion

The defendant contends that Amendment 782 should apply and that the District Court should only calculate his base offense level solely on the bases of the drug conspiracy without regard to the cross-reference to First Degree Murder.

In reviewing the Sentencing Court's determination of relevant conduct for sentencing purposes, the interrelation of

the two provisions in the guidelines requires discussion 1) 2D1.1 (d)(1) the cross-reference provision); 2) 1B1.3, the relevant conduct).

The offense level for defendant offense of conviction - the drug conspiracy is established under guideline § 2D1.1, which covers drug trafficking offense. Subsection (d) of 2D1.1 provide that if a victim was murdered, the Sentencing Court should apply the applicable guideline in calculating the defendant's guideline range. United States Sentencing Guidelines Manual's 2D1.1(d)(1). The murder cross-reference applies only if the murder is relevant to the defendant offense of conviction under United States Sentencing Guideline Manual 1B1.3.

## The Defendant Contention

The defendant contends that Heriberto Diaz murder cannot be consider relevant conduct to his drug trafficking conviction under Count One of the indictment, because the government chief in case Steven Young plead guilty for transporting narcotics with the defendant from the Bronx of New York to Freddrickburg Virginia "in violation of 21 USC § 846; and "the course of committing that offense" the defendant had Steven Young transport the 380 firearm that was used to kill Heriberto Diaz from "Freddrickburg Virginia" to the Bronx of New York prior to the death of Diaz's in violation of 18 USC § 924(c)(1)(A) and 2.

Therefore Diaz's murder cannot be consider relevant conduct to the defendant drug trafficking conviction under Count One of the

Indictment, because the defendant was never charged or convicted for distributing crack cocaine or powder cocaine in "Fredericksburg Virginia" in violation of 21 USC § 846, and in the course of that offense the defendant never had Steven Young transport the 380 firearm that was used to kill Heriberto Diaz from "Fredericksburg Virginia" to the Bronx of New York prior to the death of Diaz's, and since Count Two was the Lesser included offense of Count Three and since Counts Two, Three and Four are related to Count One, therefore Diaz's murder cannot be consider relevant to the defendant drug trafficking conviction under Count One, because the defendant was never charged or convicted for possessing and using firearm while distributing Narcotics in "Fredericksburg Virginia" in violation of 18 USC § 924(c)(1)(A) and 2, and in the course of that offense the defendant was never charged or convicted for having Steven Young transport the 380 firearm that was used to kill Heriberto Diaz from "Fredericksburg Virginia" to the Bronx of New York, while the defendant and Steven Young was allegedly distributing narcotics in "Fredericksburg Virginia" in violation of 21 USC § 846 and 18 USC § 924(c), which was the Lesser included offense of 18 USC § 924(j) and 1111 pursuant to acquitted conduct. See Steven Young Plead Allocution and Guilty Plea 56-03-cr-1364 (LAK), 57-03-cr-1364 (LAK), 3509-I, 3509-J, 3509-L (Restriction on 3500 material).

The District Court should also be aware that the firearms Steven Young allegedly transported from Fredericksburg Virginia to the Bronx of New York on the defendant behalf was seized by the New York Police Department on 5/2/96 six

years prior to the death of Diaz's, and since Steven Young was in State Prison in or about December of 1995 and was release from State Prison on or about July 3, 1996, therefore Steven Young had to transport the 380 firearm that was used to kill Diaz's in 1995 in the begining of the charged conspiracy. Therefore the defendant conviction under Count Two of the indictment for possession of a firearm that resulted in "First Degree Murder" in furtherance of the charged conspiracy was an error, because Diaz's death wasn't during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, because the defendant was never charged or convicted of distributing crack cocaine and powder cocaine in "Freddrickburg Virginia" or with possessing and using firearms during and in relation to the drug trafficking offense in violation of 21 USC § 846, and 18 USC § 924(c)(i)(A) and 2.

Furthermore, while ordinary when a gun is possessed is during and in relation to a conspiracy, which is a continue offense, that possession is presumed to continue until the underlying conspiracy offense has run its course, "it would defy all reasons to give effect to that presumption after such time as the gun has in fact been seized by law enforcement. See United States v Proddy 725 F.2d 147 (2d cir 2012), and also See 3502-T Enclosed as (A)

However the defendant is not strong challenging his conviction under Counts One and Two of the indictment, the

defendant is just taking the position that Amendment 782 should apply to him and that the District Court should only calculate his base offense level solely on the bases of the drug conspiracy without regard to the cross-reference to first degree murder.

## The Court Has The Authority Under 18 USC § 3582(c) To Reduce The Defendant Sentence

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)" United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant term of imprisonment. A Court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here when considering a sentence reduction under the two step inquiry laid out in Dillon v. United States, 177 Led 2d 271 (2010), the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent" of the reduction "authorized." In reviewing eligibility, the Court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines ..... has been in effect at the time the

defendant was sentenced. U.S.S.G § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

If the defendant is eligible for a sentencing reduction the Court proceeds to the second step of Dillon analysis. At that point, the Court must decide - in light of the Section 3553(a) factors - whether to grant a reduction. See Dillon 560 U.S at 827. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to protect the public for further crimes of the defendant." 18 U.S.C § 3553(a).

## The Defendant Is Eligible For Relief Under U.S.S.G § 1B1.10

Newly amended U.S.S.G § 1B1.10 states that "in a case which which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the Court may reduce the defendant's term of imprisonment as provided by 18 USC § 3582(c)(2)." U.S.S.G § 1B1.10(a)(1). Amendment 782 is listed in subsection (d), See U.S.S.G § 1B1.10(d).

The advisory guideline range applicable to Mr Bright's Sentence has been lowered. Specifically retroactive application

of the amendment to the drug quantity guideline changes the
applicable offense level and corresponding advisory guideline
range as follow:

## Guideline Calculation

Sentencing
Date: December 9, 2011
Base offense level: 43
Upward Adjustments: 2D1.1(d)(1) cross reference 2A1.1 and 3B1.1(a)

Downward Adjustments: -3
Adjusted Offense level: 40
Criminal History Category III
Guideline Range: 360 months to life
Sentence Imposed: 400 months plus $60 months Consecutive

## Amendment 782 / Amendment 742

Base Offense Level: 34
Upward Adjustments: +4 Under 3B1.1(a)
Criminal History Category: I
Guideline Range: 235 to 293
Suggested: 235 months plus $60 months Consecutive

### The Court Should Reduce The Defendant Sentence To 235 Months

The Court should reduce the defendant's sentence to 235 month

imprisonment, because he poses no threat to public safety and because, with respect to the defendant history and characteristics of the defendant he is now 52 years old and has been and continue to be an exemplary inmate. He has done well enough to earn over 615 days of good time credit thus far as of July 28, 202 His record in prison also suggests that he is a good prospect for rehabilitation. He has devoted himself to education, vocational training, and caring for his fellow inmates. He earned his GED in (2012) and is currently earning his degree in Bible Theology. Mr Bright is actively involved in being a Facilitator in several counseling based programs such as Victim Impact, Doing Time With The Right Mind, Getting Out By Going In (GOGI), and Positive Mental Attitude. Mr Bright also continues to be a Suicide Watch Companion for the Psychology Department. Bright also completed vocational training in Residential Electrical Wiring, HVAC, Business Class, Home Inspection, Carpentry, Advanced Floor Care, Fork Lift Training, and the CDL Written Exam.

   Defendant certificates of completion and his BOP transcripts demonstrates his commitment to rehabilitation, education, and preparation for re-entry into society with a solid foundation for employment and positive contribution to his community. Enclosed as (B)

## Conclusion And Relief

   Wherefore, based upon all of the foregoing, the defendant has shown that his current term of imprisonment can and should be adjusted and reduced to a term of 235 to 293 months which the

defendant humbly request that his sentence be reduced to 235 month of imprisonment the low end of the sentencing range as previous imposed, with a consecutive sentence of 60 months for a total of 255 months of imprisonment. Therefore the defendant humbly request for the Court to appoint counsel or in the alternative the defendant humbly request that his sentence be reduce.

July 28  2020

Respectfully Presented

Sidney Bright

Sidney Bright #58833-053

F.C.J Otisville

P.O Box 1000

Otisville N Y 10963

# EXHIBIT A

DEPARTMENT OF JUSTICE
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
## REPORT OF INVESTIGATION

| | Page 1 of 2 |
| --- | --- |

**ADDRESSED TO:**
Special Agent in Charge
New York Field Division

**MONITORED INVESTIGATION INFORMATION:**
New York Field Division
FY-06
███████

**TITLE OF INVESTIGATION:**
Steve YOUNG et. al.

**CASE NUMBER:** ███████

**REPORT NUMBER:** ███

**TYPE OF REPORT:** *(Check Applicable Boxes)*

| X | REPORT OF INVESTIGATION | | | COLLATERAL REPLY |
| --- | --- | --- | --- | --- |
| | REPORT OF INTELLIGENCE | | | |

| | | |
| --- | --- | --- |
| **SUBMITTED BY** *(Name)*<br>Peter Forcelli | **SUBMITTED BY** *(Title and Office)*<br>Special Agent, New York I (Firearms) Field Office | **SUBMITTED BY** *(Date)*<br>11/03/2005 |
| **REVIEWED BY** *(Name)*<br>Thomas P. Kelly | **REVIEWED BY** *(Title and Office)*<br>Group Supervisor, New York I (Firearms) Field Office | **REVIEWED BY** *(Date)*<br>11/7/05 |
| **APPROVED BY** *(Name)*<br>William G. McMahon | **APPROVED BY** *(Title and Office)*<br>Special Agent in Charge, New York Field Division | **APPROVED BY** *(Date)* |

**DESCRIPTION OF ACTIVITY:**
Location of records related to firearms trafficked by Sidney BRIGHT and Steve YOUNG, recovered in vicinity of East 162nd Street and Morris Avenue.

**SYNOPSIS:**
On 11/03/2005, Special Agent Forcelli located records of an arrest, which was made by NYPD Officers, which related to firearms trafficked by Sidney BRIGHT and Steve YOUNG. The records related to information received during a proffer on 11/02/2005.

**NARRATIVE:**
On 11/03/2005, Special Agent Forcelli located records of an arrest, which was made by NYPD Officers, which related to firearms trafficked by Sidney BRIGHT and Steve YOUNG. The records related to information received during a proffer on 11/02/2005. In this proffer, Steve YOUNG stated that on several occasions he had traveled to the area of Fredericksburg, Virginia in order to deliver narcotics and accept firearms on behalf of Sidney BRIGHT.

During this interview, YOUNG stated that he was aware of a recovery of firearms, which he delivered for BRIGHT, by NYPD Officers in the area of East 162nd Street and Morris Avenue. YOUNG stated that the firearms were seized from John ROMERO, a male from whom he (YOUNG) had received drugs, prior to being supplied narcotics for sale by Sidney BRIGHT.

A check of various law enforcement databases revealed that numerous firearms were seized from Juan ROMERO, on 05/02/1996, at 296 East 162nd Street, Bronx, NY. This seizure was made pursuant to ROMERO's arrest, by Detective Peter Mayo, on that date (NYPD arrest # ███████). Also recovered were narcotics, and

EF 3120.2 (5-98)

3502 T

DEPAR    NT OF JUSTICE
BUREAU OF ALCOHOL, TU  CCO, FIREARMS AND EXPLOSIVES

REPORT OF INVESTIGATION

Page 2 of 2

| DRESSED TO:<br>ec`   `gent in Charge<br>w  , Field Division | MONITORED INVESTIGATION INFORMATION:<br>New York Field Division<br>FY-06 |
|---|---|

ILE OF INVESTIGATION:
ave YOUNG et. al.

| SE NUMBER: | REPORT NUMBER: |
|---|---|

rcotics paraphernalia. Further checks revealed that the recovered firearms were traced by the ATF, with purchaser formation linked to the Hampton, Virginia area. This data verifies the information received in this investigation m Steve YOUNG.

A criminal history check of Juan ROMERO, under SID ▮▮▮▮▮▮▮ revealed that ROMERO is a four time nvicted felon. ROMERO is currently in the custody of the NYS Department of Corrections, pursuant to a rglary conviction. (Washington Correctional Facility, in Comstock, NY, inmate ▮▮▮▮▮▮▮. ROMERO's earliest ease date is 05/19/2010.

# EXHIBIT   B



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

Otisville, New York 10963

December 11, 2019

MEMORANDUM FOR S. BEST, CASE MANAGER,

FROM:        K. Fazio-Ruggiero, Staff Psychologist

Subject:        Sidney Bright, #58833-054

To Whom It May Concern,

I am writing this updated letter on behalf of an inmate here at FCI Otisville, Sidney Bright (Register Number 58833-054). I have now known Mr. Bright for approximately three years in my capacity as a Staff Psychologist at FCI Otisville. I have become familiar with Mr. Bright through his assignment as a suicide watch companion. Mr. Bright joined the Inmate Suicide Watch Companion Program, which I oversee, in January of 2017 after being recommended by another companion. This program is an integral part of the Bureau of Prison's Suicide Prevention Program. The Inmate Suicide Watch Companion Program is open to inmates that are in good standing with financial responsibility, education, and drug education requirements. These inmates also need to demonstrate a significant period of clear conduct, and have positive recommendations from a variety of institutional staff. These individuals must have demonstrated reliability, maturity, and responsibility. Mr. Bright has continued to be a member of the program in good standing, and continues to contribute meaningfully to the program. He appears to take an active interest in the overall success of the program, such as by suggesting new potential members.

In Mr. Bright's role as a suicide watch cadre member, he actively participates in regular trainings on various mental health topics. It is apparent that Mr. Bright is actively engaged in learning the material and asks insightful questions. He provides examples from his experiences to assist newer cadre members. In addition to attending trainings and meetings, this role consists of observing and documenting on inmates that are on suicide watch. This can be a challenging position as the inmates on suicide watch are often in crisis and may present with significant distress. Good interpersonal communication skills are a must on the part of the companion. Mr. Bright has proven to be a reliable member of the team and demonstrates flexibility in filling in extra shifts as needed; he presents as always eager to help when needed. Mr. Bright demonstrates maturity and thoughtfulness in this assignment. From the experience of this author

and other Psychology staff members, he demonstrates a friendly and pleasant demeanor in his interactions.  He has communicated pertinent information to Psychology staff as needed about inmates on Suicide Watch in person, as well as provided descriptive documentation.  Lastly, the role of a companion is to decrease the stigma of obtaining mental health services among the inmate population, and to make staff aware of inmates that would benefit from services.  Mr. Bright is effective in communicating with staff about concerns and helping inmates feel comfortable in seeking needed services.

Overall, from what I have observed, Mr. Bright has consistently conducted himself in a thoughtful and respectful manner.  He has been an asset to the companion team. His contributions have made a significant positive impact on the FCI Otisville population and the services provided by the Psychology Department.

Sincerely,

Dr. Fazio-Ruggiero



**U.S. Department of Justice**

**Federal Bureau of Prisons**

Federal Correctional Institution
Otisville, New York 10963

October 17, 2019

RE:   Bright, Sidney
      Register Number:  58833-054

To Whom It May Concern:

This letter is being written at the request of Sidney Bright. Mr. Bright is currently incarcerated at the Federal Correctional Institution, Otisville, New York.  According to our records, he has been in custody for his current offense since March 16, 2006.

I have been Mr. Bright's Case Manager since 2016. Mr. Bright continues to be a positive mentor to other inmates incarcerated at the institution. Mr. Bright earned his GED in 2012, while at FCI Allenwood. He currently earning his degree in Bible Theology. Mr. Bright is actively involved in being a Facilitator in several counseling based programs such as Victim Impact, Doing Time With The Right Mind, Getting Out By Going In (GOGI), and Positive Mental Attitude. Mr. Bright also continues to be a Suicide Watch Companion for the Psychology Department.

During his incarceration, Mr. Bright has completed the following programs: Beginning Parenting, Fathers Behind Bars, Breaking Barriers, Doing Time with the Right Mind, and Victim Impact. These programs give insight on how criminal thinking and behaviors negatively impact friends, family and their community. They also assist with taking responsibility for your own actions and life choices, with the hopes of helping to make better, non-criminal choices upon release.  Furthermore, these programs are designed to inculcate pro-social living skills, attitudes, and values that will assist offenders in becoming law abiding citizens.

Mr. Bright has maintained clear conduct since 2007. Overall, Mr. Bright's interaction with staff is appropriate and no management concerns are noted at this time. Inmate Bright has consistently earned average and above average work evaluations during this period of incarceration. He has maintained employment in many departments such as the Visiting Room, Food Service, and UNICOR. He is also completed ACE programs such as Residential Electrical Wiring, HVAC, Business Class, Home Inspection, Carpentry, Advanced Floor Care, Fork Lift Training, and the CDL Written Exam. His dedication and devotion towards applying this knowledge to daily living is indicative of his desire to live responsible lifestyle upon his return to the community.

Sincerely,

Samuel C. Best
Case Manager
FCI Otisville, NY



**U.S. Department of Justice**
Federal Bureau of Prisons

---

*Federal Correctional Institution*
*Otisville, New York 10963*

July 22, 2014

Dear Sir/Madam:

Mr. Sidney Bright (58833-054) currently participates in the FCI Otisville Reentry Council. This council consist of staff and inmates working together to assure that FCI Otisville offers quality programs for the inmate population. In addition, inmates serve as Peer Mentors and Peer Facilitators. His role in this program consists of a Peer Facilitator and Peer Mentor. In addition, he is required to answer monthly reflective questions, which assess his level of understanding for the training received, as well as his relationship with his mentee.

As part of the Reentry Council, he will receive training in the following areas: Communication (Verbal, Non-Verbal, and Written), Diversity, Boundaries, Personal Development, Conflict Resolution, Motivation/ Goal Setting, and Mental Health 101.

It should be noted that he has successfully completed many programs, workshops, and classes here at FCI Otisville. He is always willing to help in any way possible, and have submitted many ideas for new programs. His behavior demonstrates that he is actively making efforts to make amends for his crime, while improving his overall abilities so he can become a productive member of society.

Sincerely,

Myrna C. Bridges
Reentry Affairs Coordinator



July 26, 2016

Re: Mr. Sidney Bright, Otisville FCI - Inmate #58833-054

To Whom It May Concern:

We hope you find this letter helpful in answering a difficult question: *Is Mr. Bright ready to reenter society and function as a law-abiding citizen?* We are proud to report that Mr. Bright has completed Defy Ventures' rigorous reentry preparation program, CEO of Your New Life ("CEO YNL"). Through CEO YNL, Mr. Bright has developed comprehensive and realistic reentry plans, including written plans related to personal growth, health and appearance, relationship management, decision making, finding employment, and commitments to staying free.

CEO YNL training, used nationally in prisons and jails, specifically addresses criminal thinking errors such as lack of effort and lack of interest in responsible performance through courses such as "Stanley Tucker's Tips for Success" and "Consequence Trails," and combats closed channel thinking by building in repeated opportunities for feedback and revision.

By participating in Defy Ventures' CEO YNL program, Mr. Bright has also earned a **Certificate of Career Readiness from Baylor University's Hankamer School of Business,** which will establish Mr. Bright's credibility with potential employers and support successful reentry. Defy's curriculum includes 100 courses taught by some of the country's leading experts.

Mr. Bright is invited to apply to Defy Ventures' post-release Academy, which will provide:

- Strong **accountability** (including regular drug testing) and case management
- **Employment assistance and job placement**
- Executive **mentoring and coaching** from business professionals, invitations to business events, and a **dedicated support network**
- **Family support** services such as regular conference calls, events, and education

We stand proudly behind the accomplishments of our participants. Defy's post-release *recidivism rate of 3%* demonstrates that our participants are truly able to put the criminal lifestyle behind them. We have high expectations for Mr. Bright's success. Not everyone has the perseverance, discipline, and courage to engage in the deep self-reflection required by CEO of Your New Life. We know these traits will serve Mr. Bright well.

We look forward to continuing Mr. Bright's training and support upon release. Defy Ventures will be there with continued support and accountability from staff members and our post-release community of Executive Mentors (we have 3,000 volunteers nationally!).

Thank you very much for your consideration. Please contact me directly with questions.

Sincerely,

*Sean Volin*

Sean Volin
Director of Prison Services



**U.S. Department of Justice**

Federal Bureau of Prisons

MEMORANDUM

Date : December 4, 2014
Reply to *Marchese*
Attn of: Marchese, Senior Officer Specialist

Subject : Bright, Sidney 58833-054

To : D. Ferdula, Case Manager

I am currently the work detail supervisor of Inmate Bright, Sidney 58833-054 at Federal correctional institution Otisville New York.   Mr. Bright has been on my custodial detail since it was created in April of 2014 and has a perfect attendance.

As this custodial detail has developed over the past months Mr. Bright has made positive suggestions which have improved work productivity.   He makes cleaning supply requests to staff and coordinates material exchanges with other work crews such as laundry.

Mr. Bright has a good attitude while working he knows his responsibilities and gets his work done in a timely manner.   He currently works with a diverse crew of at least 4 other inmates and always seems to be respectful.



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: BRIGHT, SIDNEY   58833-054

| | | | |
|---|---|---|---|
| Facility: | OTV OTISVILLE FCI | Custody Level: | IN |
| Name: | BRIGHT, SIDNEY | Security Level: | MEDIUM |
| Register No.: | 58833-054 | Proj. Rel Date: | 08-07-2039 |
| Quarters: | F05-524U | Release Method: | GCT REL |
| Age: | 51 | DNA Status: | NYM01135 / 06-06-2011 |
| Date of Birth: | 04-03-1968 | | |

### Contact Information

Release contact & address
Francis Bright, MOTHER
681 Courtland Ave. #14G, Bronx, NY 10451 US
phone (mobile) : 718-513-3639

### Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| 21:846; CONSPIRACY TO POSSESS AND DISTRIBUTE CRACK COCAINE | 400 MONTHS |
| 18:924(C); POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG CONSPIRACY | 60 MONTHS |

Date Sentence Computation Began:   12-09-2011
Sentencing District:   NEW YORK, SOUTHERN DISTRICT

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit  - InOp Time |
|---|---|---|---|
| 0 /    0 /   0 | 702 | Years: 13  Months: 7  Days: 7 | + 2094    JC - 0    InOp |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Program Plans

Inmate Bright arrived at FCI Otisville on February 28, 2013. At his initial classification, inmate Bright was recommended to obtain his GED, participate in Adult Continuing Education (ACE) programs, recreation programs, Apprentice Training and participate in the Drug Education program. ACE programs include typing, financial planning, parenting, refresher training in basic skill, consumer education, and computer literacy. He was encouraged to satisfy his court-imposed financial obligations through participation in the inmate Financial Responsibility Program and maintain clear conduct. He was also encouraged to apply for employment to assist with his financial obligations.

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| OTV | PSY SUIC C | PSYCHOLOGY-SUICIDE WATCH CADRE | 02-06-2017 |

### Work Assignment Summary

Inmate Bright has consistently earned average and above average work evaluations during this period of incarceration. He has maintained employment in many departments such as the Visiting Room, Food Service, and UNICOR. Inmate Bright continues to be a Suicide Watch Companion for the Psychology Department.

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| OTV | ESL HAS | ENGLISH PROFICIENT | 02-13-2012 |
| OTV | GED EARNED | GED EARNED IN BOP | 02-05-2013 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| OTV GP | C | SPORTS SUPPLEMENTS | 08-28-2019 | 10-02-2019 |
| OTV GP | C | BASIC JUMP ROPE | 08-27-2019 | 09-09-2019 |
| OTV GP | C | LEARNING ABSTRACT ART | 08-11-2019 | 09-01-2019 |
| OTV GP | C | READING NUTRITION LABELS | 06-26-2019 | 07-17-2019 |
| OTV GP | C | LEARNING TO DRAW ANIMALS | 06-23-2019 | 07-13-2019 |
| OTV GP | C | INFORMATIONAL JOB FAIR | 05-21-2019 | 05-21-2019 |



**Summary Reentry Plan - Progress Report**

SEQUENCE: 00137514

Report Date: 10-15-2019

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: BRIGHT, SIDNEY  58833-054

| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| OTV GP | C | MANAGING YOUR DIABETES | 05-25-2019 | 05-25-2019 |
| OTV GP | C | HYPERTENSION/ HIGH BP | 04-12-2019 | 04-12-2019 |
| OTV GP | C | SUN SMART SKIN CANCER | 04-15-2019 | 04-15-2019 |
| OTV GP | C | INTRODUCTION TO HEPATITIS | 04-13-2019 | 04-13-2019 |
| OTV GP | C | WRITING WORKSHOP | 10-01-2018 | 01-08-2019 |
| OTV GP | C | HYPERTENSION/ HIGH BP | 12-03-2017 | 12-03-2017 |
| OTV GP | C | HEALTH FAIR | 09-25-2017 | 09-25-2017 |
| OTV GP | C | AHA ADULT/CHILD CPR/AED COURSE | 07-19-2017 | 07-20-2017 |
| OTV GP | W | REAL ESTATE ACE CLASS | 06-20-2016 | 10-03-2016 |
| OTV GP | C | GS-3 COMP/OFFICE 2010 | 02-19-2016 | 07-21-2016 |
| OTV GP | C | DEFY VENTURES:CEO OF YOUR LIFE | 01-25-2016 | 07-12-2016 |
| OTV GP | C | PREP FOR CDL WRITTEN EXAM | 04-07-2016 | 06-16-2016 |
| OTV GP | C | ERC JOB FAIR INTERVIEWS | 04-25-2016 | 04-25-2016 |
| OTV GP | C | INFORMATIONAL JOB FAIR | 04-25-2016 | 04-25-2016 |
| OTV GP | C | PUBLIC SPEAKING CLASS | 11-17-2015 | 02-09-2016 |
| OTV GP | C | MONEY MATTERS | 01-06-2016 | 02-17-2016 |
| OTV GP | C | FORK LIFT TRAINING CLASS | 02-02-2015 | 09-01-2015 |
| OTV GP | C | FATHERS BEHIND BARS | 01-21-2015 | 03-25-2015 |
| OTV GP | C | SPANISH ACE CLASS | 08-18-2014 | 08-18-2014 |
| OTV GP | C | ADVANCED FLOOR CARE | 02-07-2014 | 04-10-2014 |
| OTV GP | C | VT FLOOR MAINT AM 8-11 | 12-10-2013 | 02-06-2014 |
| OTV GP | C | FATHERS BEHIND BARS | 10-20-2013 | 12-20-2013 |
| ALM | W | 930-1130 MR. KELLER RM 4 | 04-16-2012 | 02-14-2013 |
| ALM | C | HVAC ELECTRIC | 10-22-2012 | 12-26-2012 |
| ALM | C | ACE BUSINESS CLASS | 10-24-2012 | 12-19-2012 |
| ALM | C | VT CARPENTRY REVIEW | 10-27-2012 | 12-15-2012 |
| ALM | C | BREAKING BARRIERS | 10-18-2012 | 12-14-2012 |
| ALM | C | ACE HVAC 608 CERT | 07-20-2012 | 08-24-2012 |
| ALM | C | ACE RESIDENTIAL ELEC CLASS | 07-20-2012 | 08-30-2012 |
| ALM | C | ACE CIVIL WAR CLASS | 07-16-2012 | 08-27-2012 |
| ALM | C | ACE HVAC 609 CLASS | 07-20-2012 | 07-20-2012 |
| ALM | C | ACE HOME INSPECTION CLASS | 04-19-2012 | 06-05-2012 |
| ALM | C | ACE BUSINESS CLASS | 04-17-2012 | 06-05-2012 |
| ALM | C | ACE VT HVAC REVIEW | 04-21-2012 | 05-26-2012 |
| ALM | W | BITTENBENDER 1200-1330 GED | 03-30-2012 | 04-16-2012 |

## Education Information Summary

Inmate Bright obtained his GED in 2012 while at FCI Allenwood. He has completed multiple vocational programs: Carpentry, HVAC, Electrical, and both Beginning and Advanced Floor Care.

In March 2013, Inmate Bright completed the Drug Education programs. The Drug Education Program is a 4 week (15 hours total), drug education program that focuses on the physical and psychological aspects of various categories of substance. These include depressants, narcotics, stimulants, and hallucinogens. The program also looks at one's tolerance and the impact that substance abuse has on one's family, society, and the role that denial plays in treatment.

In May 2013, Inmate Bright completed The 5 week Victim Impact Workshop. The 5 week Victim Impact Workshop assists in the development of the participants mindset toward the criminal lifestyle by de-glamorizing criminal behavior and assists in the development of empathy by placing self in the role of the victim. It also prepares individuals for entry into the 16 week program.

In September 2013, Inmate Bright completed the Positive Mental Attitude (PMA) Effective Alternatives Program and then later he completed the (PMA) Peer Facilitator training with noted excellent participation. This program teaches how to have a positive attitude and analyzing and changing criminal and/or negative thinking errors in order to have a better life with more positive behavior.

In October 2013, Inmate Bright completed the 16 Week Victim Impact Program. This program is a designed to assist offenders in learning about various crimes and the impact it has on victims.  They learn how to accept responsibility for their past actions and how to positively contribute to their communities in a way that will help prevent future victimization. They learn this through instruction and by participating in Victim Impact Panels so they can hear the impact their behavior has had on others.

In November 2013, Inmate Bright became a Facilitator for Doing Time With The Right Mind (DTRM). This program focuses on helping inmates understand their current prison situation. It assists in showing inmates, through a group setting, how obstacles they may face can be handled in a positive way if they have the right frame of mind. This program also helps inmates find the tools to help their family understand their situation as well to better assist in their transition to incarceration. The hope is to also assist inmates on focusing on



**Summary Reentry Plan - Progress Report**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: BRIGHT, SIDNEY  58833-054

SEQUENCE: 00137514

Report Date: 10-15-2019

living life in general with the right frame of mind.

In March 2015, Inmate Bright completed the Getting Out By Going In (GOGI) program. This program is a Cognitive Based program that encompasses twelve tools that help inmates learn how to make positive decisions.  It is an evidence based program designed to assist with changing behaviors to be more positive. This is a 14 week group that encompasses learning about Tools Of The Body, Tools Of Choice, Tools Of Moving Forward, and Tools Of Creation.  In utilizing these tools, they learn how to take charge of their thinking, and how breathing appropriately helps with taking control of feelings and behavior. They learn how to have more positive thoughts, words, and actions.  They learn about Reality Checks which allows them to identify and correct mistakes.

## Discipline Reports

| Hearing Date | Prohibited Acts |
| --- | --- |
| 10-23-2007 | 330 : BEING UNSANITARY OR UNTIDY |

## Discipline Summary

Inmate Bright has maintained clear conduct for the majority of his time during his incarceration. He had a minor infraction in 2007 for Being Unsanitary or Untidy. Overall, his interaction with staff and inmates is appropriate and no management concerns are noted at this time.

## ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
| --- | --- | --- | --- | --- |
| OTV GP | A-DES | TRANSFER RECEIVED | 02-28-2013 | CURRENT |
| ALM | A-DES | US DISTRICT COURT COMMITMENT | 02-09-2012 | 02-14-2013 |

## Current Care Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| CARE1-MH | CARE1-MENTAL HEALTH | 02-17-2012 |
| CARE2 | STABLE, CHRONIC CARE | 03-19-2013 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| ATH RESTR | NO SPORTS/NO WEIGHT LIFTING | 11-16-2017 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 04-28-2017 |
| YES F/S | CLEARED FOR FOOD SERVICE | 10-09-2015 |

## Current PTP Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| NO ASSIGNMENTS | | |

## Current Drug Assignments

| Assignment | Description | Start |
| --- | --- | --- |
| ED COMP | DRUG EDUCATION COMPLETE | 03-19-2013 |

## Physical and Mental Health Summary

Inmate Bright is on regular duty medical status with no restrictions. Psychology staff have not expressed mental health concerns at this time. He has completed the Drug Education program.

Inmate Bright maintains physical well-being through health promotion and disease prevention strategies such as a healthy lifestyle and habits, routine medical care, regular exercise, and appropriate diet. He appears to maintain a healthy lifestyle and exercises on his own on a regular basis.

Inmate Bright needs no encouragement to participate in any programs made available to him. He constantly pursue classes of interest and participates until the class is completed. He works closely with the Psychology Department, facilitating numerous programs and helping others develop positive relationships with themselves and others.

Inmate Bright Facilitates and Leads every Victim Impact, Positive Mental Attitude (PMA), Doing Time With The Right Mind (DTRM), and Going Out by Going In (GOGI) class offered. It is without question he sets a positive example for other inmates at this institution. He exceeds staff expectations in every area.

In 2013, Inmate Bright completed 10 sessions of AA and received a Certificate of Achievement from Dr. Griffin.

## FRP Details



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: BRIGHT, SIDNEY 58833-054

SEQUENCE: 00137514
Report Date: 10-15-2019

| Most Recent Payment Plan | | | | |
|---|---|---|---|---|
| **FRP Assignment:** COMPLT | FINANC RESP-COMPLETED | | **Start: 10-01-2014** | |
| Inmate Decision: AGREED | $25.00 | | Frequency: QUARTERLY | |
| Payments past 6 months: | $0.00 | | Obligation Balance: $0.00 | |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*\*\* NO ADJUSTMENTS MADE IN LAST 6 MONTHS \*\**

### Financial Responsibility Summary

At the time of sentencing, inmate Bright was ordered to pay a $200 felony assessment. Inmate Bright has completed the Financial Responsibility.

### Release Planning

Inmate Bright maintains relationships through visits, phone, and email. In 2014, inmate Bright received a letter of recognition from The Re-entry Coordinator at Otisville, recognizing his efforts and positive influence in the Reentry Council.

### General Comments

Mr. Bright continues to be a positive mentor to other inmates incarcerated at the institution. Mr. Bright is actively involved in being a Facilitator in several counseling based programs such as Victim Impact, Doing Time With The Right Mind, Getting Out By Going In (GOGI), and Positive Mental Attitude. Mr. Bright also continues to be a Suicide Watch Companion for the Psychology Department.

During his incarceration, inmate Bright has completed numerous counseling programs. These programs give insight on how criminal thinking and behaviors negatively impact friends, family and their community. They also assist with taking responsibility for your own actions and life choices, with the hopes of helping to make better, non-criminal choices upon release.

Furthermore, these programs are designed to inculcate pro-social living skills, attitudes, and values that will assist offenders in becoming law abiding citizens. Inmate Bright continues to show his dedication and devotion towards applying this knowledge to daily living is indicative of his desire to live responsible lifestyle upon his return to the community.



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: BRIGHT, SIDNEY  58833-054

SEQUENCE: 00137514
Report Date: 10-15-2019

Name:  BRIGHT, SIDNEY
Register Num:  58833-054
Age:  51
Date of Birth:  04-03-1968
DNA Status:  NYM01135 / 06-06-2011

Inmate    (BRIGHT, SIDNEY, Register Num: 58833-054)

Date

Chairperson                                    Case Manager

Date                                           Date