```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>-against-<br><br>SIDNEY BRIGHT,<br><br>                Defendant. | No. 06 Cr. 242 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Mr. Bright's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines, which was made retroactive by Amendment 788 and lowered the penalties for most drug offenses by reducing the offense levels by two points on Section 2D1.1's Drug Quantity Table.  (Dkt. Nos. 157, 159.)

    Even if the Court were to conclude that Mr. Bright were eligible for a sentence reduction, it must also conclude that a reduction is appropriate considering the Section 3553(a) factors.  18 U.S.C. § 3582(c)(2); see also Dillon v. United States, 560 U.S. 817, 827 (2010).  However, for the reasons stated in the Court's recent order denying Mr. Bright's counseled motion for resentencing under the First Step Act or, in the alternative, compassionate release, the Court concludes that the § 3553(a) factors do not support a reduction in this case, assuming one is authorized:

> First, the Defendant's offenses of conviction were exceedingly serious and thus require exceedingly serious punishment. He was the leader of a violent, long-running, and successful drug trafficking enterprise that distributed vast quantities of crack, powdered cocaine, and heroin for almost ten years in the Bronx. In controlling his turf and driving out competitors, Defendant routinely instructed his underlings to engage in gun violence. As set out above in more detail, Defendant provided guns to "enforcers" and ordered them to shoot at various locations on city streets where competitors were selling drugs.
>
> Also as noted above, Defendant ordered his enforcers to shoot various rival drug dealers. Most significantly, Defendant ordered the murder of Heriberto Diaz, another rival drug dealer; indeed, Defendant obtained a firearm from Steven Young and gave it to Tyrone Glynn, whom he had engaged to murder Diaz. Glynn and Young both testified at trial that Glynn had the gun and used it to murder Diaz.
>
> While Defendant's counsel do an admirable job of explaining that the FSA reflects Congress' change in attitude toward drug crimes, there is no change in attitude regarding guns or murder. Murder is murder-the taking of a human life-and this Defendant committed it to protect his commercial drug trafficking interests. Defendant's crime was most serious and deserves a most serious punishment.

(Dkt. No. 171 at 21.)

This reasoning applies with equal force here. Accordingly, Mr. Bright's motion for compassionate release (dkt. nos. 157, 159) is DENIED.

The Clerk of the Court shall close the open motion and mail a copy of this order to Mr. Bright.

**SO ORDERED.**

Dated:    March 10, 2022
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge