UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        -against-<br><br>SIDNEY BRIGHT,<br><br>                Defendant. | 06 CR 242 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Sidney Bright's motion (dkt. no. 175) for reconsideration of the Court's March 10, 2022 order (dkt. no. 174) (the "Order") denying his motion for a sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons set forth below, the motion is denied.

### I. Legal Standard

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted).

"While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d)."  United States v. Baldeo, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015).  That rule enables a movant to file

1

"[a] motion for consideration . . . within fourteen (14) days after the Court's determination of the original motion" upon "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion." Local Crim. R. 49.1(d).

"The standards for reconsideration among the civil and criminal rules are largely the same." United States v. Daugerdas, No. 09 CR 581, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting United States v. Lisi, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). The Court may also grant the motion to "correct a clear error or prevent manifest injustice." Id. (quoting Banco de Seguros Del Estado v. Mut. Marine Offs., Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002)). However, "[r]econsideration is not an invitation for parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in

2

response to the court's rulings.'" Daugerdas, 2020 WL 4931988, at *2 (quoting de los Santos v. Fingerson, No. 97 CIV. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)).

## II. Discussion

In arguing for reconsideration, the Defendant sets out purported "errors of fact" in the Order. Rather than constituting findings of fact contrary to those recited in the Order, however, Defendant cherry picks inconclusive material from the transcripts of his first and second trials. For example, in arguing that he "wanted to take full responsibility for his actions of distributing narcotics in his community" (dkt. no. 175 at 2), Defendant cites to his attorney's opening statement--not evidence and hardly conclusive. Similarly, when discussing his responsibility, or not, for providing firearms to his alleged enforcers or for retrieving the murder weapon, Defendant cites to trial testimony and a co-defendant's proffer statement and plea allocution. (Id. at 3-4.) None of these citations comes close to the high standard required in a motion for reconsideration.

## III. Conclusion

Accordingly, Defendant's motion for reconsideration (dkt. no. 175) is denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated: New York, New York
July 13, 2022

*Loretta A. Preska*

LORETTA A. PRESKA
Senior United States District Judge