UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br> -against-<br><br> SIDNEY BRIGHT,<br><br>                    Defendant. | 06 Cr. 242 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Sidney Bright's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and requests for counsel and for the Court to provide Defendant with or conduct an in-camera review of Steven Young's felony Information, (the "Motion"). (Mot., dated Sept. 1, 2023 [dkt. no. 180]). On December 1, 2023, the Government opposed the Motion, (Gov't Resp., dated Dec. 1, 2023 [dkt. no. 184]). By letters dated December 9 and 20, 2023, Defendant replied. (Reply 1, dated Jan 5, 2024 [dkt. no. 185]; Reply 2, dated Jan. 3, 2024 [dkt. no. 186].) For the reasons set forth below, Defendant's Motion is DENIED.

### I. Background

#### a. Conviction and Appeal

On July 9, 2008, Defendant was charged with the following four counts via Superseding Indictment: Count One charged Defendant with conspiring to distribute and possess with intent to

1

distribute at least 50 grams of crack cocaine and at least five kilograms of cocaine and heroin; Count Two charged Defendant with possessing and using a firearm in furtherance of the drug-trafficking crime charged in Count One; Count Three charged Defendant with causing the death of Heriberto Diaz through the use of a firearm and in furtherance of the drug-conspiracy of Count One; and Count Four charged Defendant with murdering Mr. Diaz while committing a drug crime.  (Indictment, dated March 16, 2006 [dkt. no. 1]; Gov't Resp. at 2; Mot. at 1.)

Defendant's first trial ended in a mistrial due to a potential attorney conflict.  (Gov't Resp. at 2.)  Defendant's retrial resulted in Defendant's being convicted on Count One with respect to conspiracy to distribute and possess with intent to distribute at least 50 grams of crack cocaine and Count Two.  Bright v. United States, No. 14 Civ. 968, 2018 WL 5847103, at *1 (S.D.N.Y. Nov. 8, 2018) (citing United States v. Bright, 528 F. App'x 88, 89-90 (2d Cir. 2013) (summary order)).

At sentencing, the Honorable Judge William H. Pauley found that the Government proved the murder charge by clear and convincing evidence and considered the acquitted conduct as part of his calculations under the Sentencing Guidelines.  (Dkt. no. 139 at 27-29, 30.)  Defendant was sentenced to 400 months of imprisonment on Count One, a mandatory consecutive term of 60 months of imprisonment on Count Two, and a lifetime of supervised

2

release.  (Gov't Resp. at 2; Mot. at 2.)  Defendant appealed his conviction and sentence, and the Court of Appeals affirmed by summary order.  See Bright, 528 F. App'x. at 94.  The district court then denied Defendant's motion to vacate, set aside, or correct his sentence.  See Bright v. United States, No. 14 Civ. 968 (WHP), 2018 WL 5847103 (S.D.N.Y. Nov. 8, 2018).  Defendant moved for a certificate of appealability which was denied by the Court of Appeals.  See Bright v. United States, No. 18-3628, 2019 WL 6699707 (2d Cir. May 22, 2019).

### b. Motion for a Sentence Reduction under § 404 of the First Step Act

On November 13, 2020, Defendant, through his counsel, moved for a sentence reduction under § 404 of the First Step Act and, in the alternative, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Dkt. no. 163.)  On February 23, 2022, the Court denied Defendant's motion.  (See "Feb. Order," [dkt. no. 171].) The Court in applying the 18 U.S.C. § 3553(a) factors reasoned that "[m]urder is murder—the taking of a human life—and this Defendant committed it to protect his commercial drug trafficking interests."  (Id. at 21.)  This Court concluded that "Defendant's crime was most serious and deserves a most serious punishment." (Id.) Therefore, in weighing the 3553 factors, the Court found that they weigh "in favor of not permitting [this Defendant] to

3

walk free in middle age." (Id. at 22 (internal quotation marks and citation omitted).)

### c. Pro Se Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(2)

In August of 2020, Defendant moving pro se, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), contending that recent amendments to the Sentencing Guidelines entitled him to a reduced sentence. (Dkt. no. 157 at 7-9.) In an order dated March 10, 2022, the Court denied Defendant's motion based on the Court's analysis of the 18 U.S.C. § 3553(a) factors in its prior February 2022 order, (Feb. Order). (Dkt. no. 174 at 1-2.)

### a. Procedural History of the Motion

Since the Court's February 2022 decision and the Court's March 10, 2022, Order, Defendant filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Mot.) In that motion, Defendant seeks to reduce his sentence under Amendments 742 and 821 to the Sentencing Guidelines, requests counsel to assist him, and requests the Court to provide Defendant with or conduct an in-camera review of Mr. Young's felony Information to assist in drafting his pro se motion. (Mot. at 1.) On December 1, 2023, the Government opposed the Motion, (Gov't Resp.). By letters dated December 9 and 20, 2023, Defendant replied, (Reply 1; Reply 2).

II. **Applicable Law**

The Court construes pro se motions liberally and interprets them to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (citations omitted).  However, a pro se litigant is still expected to comply with the relevant procedural rules of Rule 60(b).  See Azkour v. Little Rest Twelve, No. 10 Civ. 4132 (RJS), 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) (noting the statute of limitations for Rule 60(b) motions is absolute even if the plaintiff is bringing the motion pro se).

"Section 3582(c)(2) establishes a two-step inquiry: A court must (1) determine the scope of the reduction, if any, authorized by § 1B1.10, and then (2) consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors." Dillon v. United States, 560 U.S. 817, 818 (2010).

The first step requires the Court "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  Id. at 827.

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

U.S.S.G. § 1B1.10 Application Note 1(A).  "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C.

5

§ 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon, 560 U.S. at 827.

The second step "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id.

### III. Discussion

#### a. Motion for a Sentence Reduction[1]

##### i. Step One: Amendment 742

Defendant contends that he is eligible for a sentence reduction due to Amendment 742 of the Sentencing Guidelines. (Mot. at 4.) Defendant's contention fails because Amendment 742 is not one of the listed amendments in subsection (d), and thus, Defendant is not eligible for consideration of a reduction under this amendment. U.S.S.G. 1B1.10 Application Note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582 (c)(2) is triggered only by an amendment listed in subsection (d) . . . .").

---

[1] Defendant also argues that he is entitled to a sentence reduction because his sentence was calculated using the murder Guidelines not the drug Guidelines. (Mot. at 5.) This argument falls short because the Court in applying the Sentencing Guidelines may "rel[y] on the entire range of conduct, regardless of the number of counts that are alleged or on which a conviction is obtained." United States v. Watts, 519 U.S. 148, 153 (1997) (citing U.S.S.G. § 1B1.3, comment., backg'd (emphasis omitted)).

### ii. Step One: Amendment 821

Moreover, Defendant also contends that under Amendment 821 he is now in Criminal History Category II rather than Criminal History Category III and, thus, he is eligible for a sentence reduction. (Mot. at 4.)  Pursuant to Amendment 821, "district courts could no longer add two additional criminal history points when the offense of conviction was committed by the defendant while under any criminal justice sentence." United States v. Claybron, 88 F.4th 1226, 1228 (7th Cir. 2023).  Defendant's 1988 conviction for the attempted criminal sale of narcotics and his 1997 conviction were both committed while Defendant was under a criminal justice sentence, and two points were added for this reason in calculating his Criminal History Category.  (Supplemental PSR at ECF 15, dated Nov. 29, 2023 [dkt. no. 183].)  Because of the Amendment, the Court may not add two additional criminal history points for those convictions.  (Mot. at 4.)  Thus, Defendant is correct in that he is in Criminal History Category II.

However, Defendant is incorrect that Amendment 821 entitles him to a sentence reduction.  The Supplemental Pre-sentencing Report ("PSR") addresses Amendment 821's impact on Defendant's eligibility for a reduced sentence and states "the defendant is precluded from a sentence reduction because the original sentence was at or below the low end of the amended guideline range." (Supplemental PSR at 3.)  Furthermore, the Guidelines range for

Defendant's criminal activity even under Amendment 821 is a life sentence, and Defendant's original sentence was below that, a term of imprisonment of 460 months.  Id.  Thus, Defendant is not eligible for a sentence reduction under Amendment 821 because he received a sentence below the Guidelines range.

### iii. Step Two: § 3553(a) factors

Assuming arguendo, that Defendant had satisfied step one of the Dillon inquiry, his motion still falls short of entitling him to a sentence reduction.  This Court has already weighed and considered the § 3553(a) factors and found that "murder is murder— the taking of a human life—and this Defendant committed it to protect his commercial drug trafficking interests.  Defendant's crime was most serious and deserves a most serious punishment." (Feb. Order at 21.)  Nothing has changed.  Therefore, because the § 3553(a) factors weigh against a sentence reduction, Defendant's motion for a sentence reduction is DENIED.

### b. Request for Counsel and In Camera Review

Defendant requests counsel to assist him.  (Mot. at 1.) "[R]eference to ancillary matters in § 3006A does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines."  United States v. Reddick, 53 F.3d 462, 465 (2d Cir. 1995).  Thus, "[t]he provision of counsel for such motions should rest in the discretion of the district court."  Id.

8

Moreover, the Court of Appeals has held that "merits of the motion will be a 'significant factor in the exercise of [the court's] discretion.'" United States v. Cirineo, 372 F. App'x 178, 179 (2d Cir. 2010) (quoting Reddick, 53 F.3d at 465 n.2). Therefore, because Defendant's motion lacks merit, his request for counsel is DENIED.

Lastly, Defendant requests the Court provide Defendant with or conduct an in-camera review of Mr. Young's felony Information. Defendant details information as to Mr. Young's participation in the crimes and requests the documents because he "disagrees with the Supplemental Presentence Report," which he asserts indicates that his Guidelines range is still life "based on Diaz's murder for which the defendant was acquitted." (Reply 1 at 3.) Defendant fails to articulate how the Information would assist him. (See supra n. 1.) Accordingly, Defendant's request is DENIED.

**IV.  Conclusion**

For the aforementioned reasons, Defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), (dkt. no. 180), is DENIED, and Defendant's requests for counsel and Mr. Young's Information are DENIED.  The Clerk of the Court is respectfully directed to close dkt. no. 180.

**SO ORDERED.**

Dated:    September 2, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge